THE CITIZENS' NATIONAL BANK OF ROMEO v. RICHARD
E. CADE ET AL.

*Bills and notes—Notice of non-payment—Liability of indorser.*

In this case it is held that the appellant, Hiram M. Cade, did not
have any notice at all of the non-payment of the note on which
he was indorser, he not residing nor having a place of business
in the place where the note was payable and where the notice
was mailed, but residing and receiving his mail some eight
and one-half miles distant therefrom.

Error to Macomb.    (Canfield, J.)    Argued January 9,
1889.    Decided January 25, 1889.

*Assumpsit.* Defendant Hiram M. Cade brings error.
Reversed.    The facts are stated in the opinion.

*T. M. Crocker,* for appellant.

*Eldredge & Spier,* for plaintiff.

SHERWOOD, C. J.    The first three defendants, composing
the firm of R. E. Cade & Co., made their note payable
to the order of defendant Hiram M. Cade at the bank of
the plaintiff for $1,700 three months after date, and
dated March 17, 1887.    Hiram M. Cade indorsed the
note, which was subsequently indorsed by a Mr. Reed,
and the note was then negotiated to the plaintiff.    The
note, not being paid when due, was protested, and suit
against the above-named defendants brought thereon.

The only question needing consideration here is whether
the notice of non-payment and protest was properly
served on the defendant Hiram M. Cade.    The circuit
judge held that it was, and rendered judgment against
73 MICH.—29.

all the defendants. Hiram M. Cade brings error. He filed an affidavit with his pleadings that he never received any notice of protest at any time. The notice of protest was in due form and properly certified to. The cause was tried before the court without a jury, and the circuit judge found, among others, the following facts:

"3. On June 20, 1887, said note was duly presented for payment at said bank, and payment was refused, and the note was then duly protested. Said presentment for payment was made for plaintiff by Samuel A. Read, a notary public, and cashier of plaintiff, who duly protested the same for non-payment, a copy of said notary's certificate of protest being hereto attached.

"4. On June 20, and between 4 and half past 4 o'clock of said day, said notary, in behalf of the plaintiff, deposited a notice such as is described in said copy of said certificate of protest, inclosed in an envelope, with postage prepaid thereon, in the post-office at Romeo, said envelope being directed as follows: 'HIRAM M. CADE, ROMEO, MICH.;' said notary, for plaintiff, having on said day, and before so depositing said notice of protest, made diligent inquiry to ascertain said Hiram M. Cade's post-office address, and where he received his mail, and being informed that he received it at said Romeo.

"5. The residence of said Hiram M. Cade and his place of business was at said time, and had been for some years prior thereto, in the township of Ray, Macomb county, Mich., and about eight and one-half miles from Romeo, and about 80 rods from Ray Center post-office, at which he was then, and had been for a long time, in the habit of receiving his mail, and which was his post-office address.

"6. The plaintiff, through its officers, knew that said indorser, Hiram M. Cade, resided in Ray at the time the note matured, but did not know that he received his mail at said Ray Center post-office.

"7. On June 22, 1887, Mr. Smith, the vice-president of and acting for the plaintiff, verbally informed the defendant, Hiram M. Cade, at said defendant's house in Ray, that said note had been presented at said bank for payment at maturity; that the same was unpaid, and that the plaintiff or holder of the note looked to him as

indorser for payment thereof; said Smith having said note, with the notary certificate of protest attached, with him at the time, and showing the same to said indorser, Cade.

"8. Had the notice of protest of said note so mailed to said Hiram M. Cade at the time it was mailed been directed to him at Ray Center post-office, aforesaid, it would not have been received at said Ray Center by due course of mail before June 23, 1887.

"9. The amount due on said note February 6, 1888, was $1,785.38."

From these findings it very clearly appears that the indorser, Hiram M. Cade, did not have any notice at all of the non-payment of the note, such as the law requires. He did not reside in or have any place of business in Romeo, the place where the note was payable; neither was Romeo the post-office at which he got his mail. His post-office address was eight and one-half miles from Romeo, and less than one-half mile from his residence, and had been there for some years prior to the time the protest was made. It is manifest from the findings that the case was not one for depositing the notice in the post-office, nor was it a notice by mail. See How. Stat. § 1586.[1] The note was made payable at a particular place. In this case the question is not one of defective notice, but of the service of any notice.

The judgment must be reversed as to Hiram M. Cade, and a new trial granted.

The other Justices concurred.

[1] See *Sweet v. Woodin*, 72 Mich. 393.